UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CR-13-2055-FVS |
| vs. | ) | |
| FRANCISCO ROBLEDO, JR., | ) | Preliminary Order of Forfeiture |
| Defendant. | ) | |

IT IS HEREBY ORDERED THAT:

As the result of the guilty plea to Count 1 of the Superseding Indictment for which the Government sought forfeiture pursuant to 18 U.S.C. § 924 and 28 U.S.C. § 2461(c), Defendant, FRANCISCO ROBLEDO, JR., shall forfeit to the United States any and all firearms involved in the commission of the offense, Felon in Possession of Firearms.

The Court has determined, based on the Defendant's plea agreement, that the following assets are subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), and that the government has established the requisite nexus between such assets described below, and such offenses:

FIREARMS

(1) Taurus; Model PT709, 9mm pistol, serial number TDR 48335;

(2) Taurus, Model PT24/7 Pro, 9mm pistol, serial number TZC03119;

(3) Llama, 9mm pistol, serial number 499679;

(4) Stevens, model 94, 20 gauge shotgun, serial number P576526;

(5) Remington, model Wingmaster, 12 gauge shotgun, serial number S571353U;

Preliminary Order of Forfeiture - 1

Francisco Robledo PoF.wpd

1   (6) Smith and Wesson, Model 327PD revolver, serial number CNF4392;

2   (7) Norinco, 7.62 x 39 mm rifle, serial number 23003264; and,

3   (8) Ithaca, model MF 66 super single, 410 gauge shotgun, serial number 204526.

4   

5   Upon the entry of this Order, the United States Attorney General (or a

6   designee) is authorized to seize the above-listed assets subject to forfeiture,

7   whether held by the defendant or by a third party, and to conduct any discovery

8   proper in identifying, locating or disposing of the property subject to forfeiture, in

9   accordance with 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 924(d) and 28

10  U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(3).

11  Upon entry of this Order, the United States is authorized to commence any

12  applicable proceeding to comply with statutes governing third party rights,

13  including giving notice of this Order.

14  Pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 924(d) and

15  28 U.S.C. § 2461(c), the United States will post notice of this order on the official

16  government internet site (www.forfeiture.gov) for at least 30 consecutive days.

17  The United States may also, to the extent practicable, provide direct written notice

18  to any person known to have alleged an interest in the property that is the subject

19  of the Preliminary Order of Forfeiture, as a substitute for posted internet notice as

20  to those persons so notified.

21  Any person, other than the above-named Defendant, asserting a legal

22  interest in the above-listed property may, within thirty (30) days of the final

23  posting of notice, or receipt of notice, whichever is earlier, petition the court for a

24  hearing without a jury to adjudicate the validity of his alleged interest in the

25  above-listed property, and for an amendment of the order of forfeiture, pursuant to

26  Fed. R. Crim. P. 32.2(6) and 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. §

27  924(d) and 28 U.S.C. § 2461(c).

28  

Preliminary Order of Forfeiture - 2
Francisco Robledo PoF.wpd

1    Any petition filed by a third party asserting an interest in the above-listed

2  property shall be signed by the petitioner under penalty of perjury and shall set

3  forth the nature and extent of the petitioner's right, title, or interest in said

4  property, the time and circumstances of the petitioner's acquisition of the right,

5  title or interest in said property, and any additional facts supporting the petitioner's

6  claim and the relief sought.

7    After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c) and

8  before a hearing on the petition, discovery may be conducted in accordance with

9  the Federal Rules of Civil Procedure upon a showing that such discovery is

10  necessary or desirable to resolve factual issues.

11    The United States shall have clear title to the above-listed property

12  following the Court's disposition of all third-party interests, or, if none, following

13  the expiration of the period provided 21 U.S.C. § 853(n)(2), as incorporated by 18

14  U.S.C. § 924(d) and 28 U.S.C. § 2461(c), for the filing of third party petitions.

15    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order

16  of Forfeiture is final as to the Defendant at the time of sentencing, and is made

17  part of the sentence and included in the judgment.

18    The Court shall retain jurisdiction to enforce this Order, and to amend it as

19  necessary, pursuant to Fed. R. Crim. P. 32.2(e).

20    ORDERED this 29th day of October, 2013.

21

           s/ Fred Van Sickle
22    _____

23    Fred Van Sickle
      Senior United States District Judge

24  Presented by:

25  Michael C. Ormsby
    United States Attorney
26

27  s/Thomas J. Hanlon

28  Thomas J. Hanlon
    Assistant United States Attorney

Preliminary Order of Forfeiture - 3
Francisco Robledo PoF.wpd